857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lenise M. SKINNER, a/k/a Lita L. Skinner, Petitioner-Appellant,
v.
UNITED STATES of America; Robert L. Matthews, Warden,
Federal Correctional Institution, Lexington, Kentucky;
Michael Gilland, Associate Warden, Programs; People of the
State of Nevada, Respondents-Appellees.
 No. 88-7563.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 27, 1988.
Decided: Aug. 30, 1988.
 
 Lenise M. Skinner, appellant pro se.
 Stephen Horn (Office of the United States Attorney), Phillip Byrnes (Office of the Attorney General of Nevada), for appellees.
 Before WIDENER, JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lenise M. Skinner, a/k/a Lita L. Skinner, seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Secs. 2254 and 2241. She asks for the stay of a state court sentence and for release on bond.
 
 
 2
 Ms. Skinner filed this petition in the Southern District of West Virginia while she was confined in a federal correctional institution in Kentucky. The petition attacks the validity of her 1982 conviction on state charges in Nevada, and disputes the computation of the federal sentence she is now serving as a result of her 1981 conviction in federal district court in Nevada. Ms. Skinner is presently confined in a federal facility in California.
 
 
 3
 A habeas petition should be filed in the district court of the district where the petitioner is in custody. 28 U.S.C. Sec. 2241(a), (d). A petitioner who attacks the validity of a state detainer must file in the district where the detainer originates, as that district court alone has jurisdiction over the state defendants. Norris v. State of Georgia, 522 F.2d 1006, 1010-1012 (4th Cir.1975). A petitioner challenging the effect of a state detainer on his federal sentence may, however, file in the district where he is confined. Nelson v. George, 399 U.S. 224 (1970). Ms. Skinner is attacking the validity of the Nevada detainer.
 
 
 4
 Because the record discloses no basis for finding that the Southern District of West Virginia has jurisdiction over this petition, we vacate the judgment of the district court and remand so that the district court may dismiss the petition without prejudice for lack of jurisdiction. In view of the dismissal of the habeas petition, we deny the related motion for bail.
 
 
 5
 Ms. Skinner's motions to delay action on this appeal and for its consolidation with another habeas petition she has filed in the district court are also denied.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.